PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE **Southern** DISTRICT OF TEXAS
**Houston** DIVISION

United States Courts
Southern District of Texas
FILED

OCT 10 2018

David J. Bradley, Clerk of Court

**Ivory R. Mitchell - #363139**
Plaintiff's Name and ID Number

**Jester II unit, 3- Jester Rd. Richmond, TX 77406**
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

**Bryan Collier, - P.O. Box-99, Huntsville, TX 77342-0099**
Defendant's Name and Address

**TDCJ-ID Huntsville TX 77342-0099**
Defendant's Name and Address

**State Classifications Committee - Huntsville, TX. 77342-0099**
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: 1) 1/3/89; 2) 7/18/85; 3) 11/7/06; 4) 7/19/09

2. Parties to previous lawsuit:
   Plaintiff(s) Mitchell in All lawsuits, Vs.
   Defendant(s) 1) Lynaugh; 2) miles; Bonner and Bacon 3) Owens; 4) Sizemore; 5) Sheeley;

3. Court: (If federal, name the district; if state, name the county.) _____

4. Cause number: 1) 4:89-cv-0001; 2) 6:85-cv-00290; 3) 6:06-cv-00485; 4) 6:09-cv-00345; 5) 6:12-cv-447

5. Name of judge to whom case was assigned: _____

6. Disposition: (Was the case dismissed, appealed, still pending?) 1) dismiss; 2) dismiss; 3) dismiss; 4) Judgment for Mitchell; 5) Dismiss;

7. Approximate date of disposition: 1981, 1990, 2006, 2012, and 2017.

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: T.D.C.J.-I.D.

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: Ivory R. Mitchell, Jester-3, 3-Jester Road, Richmond, TX 77406.

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Bryan Collier, P.O.Box-99, T.D.C.J.-I.D. States Classifications Committee, Huntsville, TX. 77342-0099
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failure to protect plaintiff, failing to place him in protective custody status.

Defendant #2: T.D.C.J.-I.D. Classifications board and unit. The safe prison dept. Including Stg. on each unit of Transfer.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
See attached Sheet

Defendant #3: Texas Dept. of criminal Justice, Institutional Division, State of Texas. State Capitol 1 E 8, 1100 Congress ave, Austin, TX 78711
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
See attached Sheet

Defendant #4: ___
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: ___
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

IV Parties to the Suit
Continue, Pg 3.
attachment 1.

B.

Defendant #(1) TDCJ-ID

Failure to protect; Retatiated against plaintiff for seeking protection. And failure to protect; failing to operate with an adequate amount or number of security officer; and, Adopted a practice, policy or custom of allowing officers to leave or abandon assigned wings/duty post/areas prior to another officer getting to the wing/area; and, adopted a practice, policy or custom of having no officer on wing or areas assign due to lack of staff.

Reckless endangerment of life endangerment; an act while at the work place that endangers the life of another individual. TDCJ-ID Classification board has committed this violation to plaintiff Mitchell

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case; that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I was return to T.D.C.J I.D. in January 30 2017. This complaint is brought because defendant failure to protect me; and retaliation for seeking such protection.
Plaintiff, Ivory R. mitchell, was first severely beaten/assaulted on the Telford unit, TDCJ-ID, in 2010 of march, by gang members. He received a broken hip, concussion and had to be transfered to a freeworld hospital. He was seriously injured. Telford unit classification committee refuse to place him in protective custody. Stating "their was no need to place me in a" protective status yet not long after this action I was seriously injured by gang

VI. RELIEF: "See attached sheet"

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I'm requesting $2.5 million because my injuries are serious, and permanent, life time medical assistance. And to receive time served on sentence. Joint and Several.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Ivory R. mitchell

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
#312246 ; #363139

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ✓ YES ___ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): Western dist. Waco div.
2. Case number: 6:12-cv-447
3. Approximate date sanctions were imposed: 9/27/17
4. Have the sanctions been lifted or otherwise satisfied? ✓ YES ___ NO

Rev. 05/15

4

members, called 5-Duce crips.

After months in the hospital, where I had undergone surgery to replace my hip. Prison officials return me right back to Telford unit population. Common sense should have alerted prison officials that that was not the right thing to do.

Immediately, gang members told me "I better get somewhere, off the unit, and that was their last warning."

I immediately, contacted an organization called "Just Detention International" and they contacted the office of the ombudsman. An Ombudsman official came to the Telford unit, seen his situation and I was immediately placed on transit and transferred to the Boyd unit.

Prior to the transfer to Boyd, I had wrote several requests to Safe prison officials, Warden Caffey and a major McDonald. They All refuse and/or ignored his request for protective custody.

I arrived on the Boyd, unit on or about June 24, 2010. I thought I'd then be ok. At the Boyd, unit I was taken before a Warden-name Kay Sheeley, asst. warden-Spurry, and a classification chief-name I didn't know. I'd Knew asst. warden-Spurry, from the Powledge unit (the unit where this entire thing/event begin).

At the Powledge unit I was sexually assaulted by an officer Lisa Winston. Who had made me perform oral sex on her on (3) different occassion's. See civil action #6:09-cv-00348, Ivory R. Mitchell v. Michael Sizemore, et al Eastern District of Texas, Tyler Division. In which judgment entered in favor of Mitchell.

Asst. Warden-Spurry, Knew officer Winston. He said he "Knew she was corrupt." And, if I had any problems their on the Boyd, unit don't hesitate to contact him personally.

Shortly after this discussion with asst. Warden-Spurry, he was transferred to another unit. At present he's here at the Beto unit also.

Not long after asst. Warden-Spurry, left Boy unit. I was approach by A (5) Duce gang member name Joseph Heard, #1546533, his exact words was: "Snitching Ass nigger set it out or get off the unit are we'll run you off, you understand old man." I said yes.

The first chance I got, I went to the safe prisons officer, sgt. Harrison requesting help and to explain the situation. Sgt. Harrison, told me he "didn't have time, catch him Later."

I wrote "Just Detention International" They wrote Warden Sheeley, and contacted safe prisons director and the ombudsman officials, Mr. Bales. Mr. Bales, came out to the unit and supposedly talk to sgt. Harrison, of safe prisons unit on the Boyd unit.

Mr. Bales, told me if this occur again, I should report it to sgt. Harrison, immediately, their on the units

Soon after Mr. Bales, left the unit, Boyd, officials didn't seem to be to Happy with me. I believe I was getting harassment by the units administration - my legal mail was open and read improperly, outside my presence. And, my cell was constantly searched by sgt. Harrison, of safe prisons.

V. Statement of Claim
Continue; pg # 4
attachment - # 4

On 2/15/2011, I saw Sgt. Harrison, in the chow hall. I pleaded with him to lock me up somewhere safe and alone, because I had been threaten by a gang member/leader. I didn't know his name at the time (Joseph Heard). Sgt. Harrison, once again said "I'll talk to you later." yet, he never did. I was in fear and afraid. I was just hoping that it all would past over and maybe nothing would happen to me.

On 2/16/2011, around 5:45 A.M. in the dayroom I was assaulted badly beaten by gang members, one being Joseph Heard, no officer in the "immediate" area.

My hip replacement was seriously re-injured. I also received a major concussion, I was bleeding from the left ear, my left arm was broken, I receive brises, cutts and marks, and I was left in the dayroom unconscience for over 10 to 15 minutes if not longer. It was no officer/security around. But it should have been.

When shift changed, I told the first officer I seen, "I had been beaten up." I was taken to the infirmary emergency room. I was put in an ambulance and rush to Tyler medical hospital.

V. STATE OF CLAIM
Continue, pg #4
Attachment #5.

When released from hospital, Sgt. Harrison, tried to cover up his prior act of failing to help me. He then gave me protection (or made it appear as though) from these gang members as describe in safe prison policies. At least based on imformation and belief.

Yet, Sgt. Harrison, would then Retaliate against me by writing me a bogus untrue, false disciplinary case against me stating that: "I engaged in a fight without a weapon with offender Joseph Heard,..., by striking offender. Moreover, the fight resulted in injuries to offender Heard, that required treatment up to first Aid"

Sgt. Harrison, didn't witness the assault. Neither did any other officer witness the assault, because none no officer was on the wing at the time.

Neither did offender Heard, receive an injury. He receive no injury and, no medical attention was give him. For Sgt. Harrison, to write such was/is intentionally false, in retaliation, in an attempt to cover his failures.

I receive irraparable harm, in that I was punish for something I didn't commit, I receive a reduction of class S3 to L1; Lost of good conduct time 60 days. This also had a negative affect to the possibility of my parole. Even though the disciplinary case was overturn at the step 2 level. The harm was/is irraparable.

V. Statement of Claim.
Continue; Pg. #4
Attachment #6.

    I am now permanently and physically injured and handicap. I am also mentally distrub because of how TDCJ-ID officials handle the entire situation which have left me permently injured for the rest of my natural life. Also, I'm permently mentally scared and have to take "depression" medication for the rest of my life.
    The failure to protect me, the failure/lack of having an adequate amount of staff/security on duty at the time I, plaintiff, was seriously physically and mentally assaulted by being beaten in the dayroom at 5:45 A.M. caused and/or led to his serious injuries, which are permenent. No officer was on the wing. An officer should have been. An officer is suppose to be on the wing at all times.
    TDCJ-ID have an established policy of operating it's most dangerous units short of an adequate amount of officers/security. Including the Telford and Boyd units. Now I must include Beto, Powledge, Wynne farm, and C.T. Terrell unit. All these units I received assaults and threats.
    TDCJ-ID Prison officials didn't reasonably seek to protect me after I reported the sexual assault by officer Lisa Winston, committed against me. Prior to this, he didn't have these troubles. His life became a living hell after reporting this officer's illegal acts.

V. Statement of Claim Continue, pg. #4.
Attachment #7.
Warden-Sheeley, specifically knew of the threats he receive. She knew his situation. The warden should have had me placed in protective custody. But fail to do so. The warden knew that a federal lawsuit involving an x-officer named Winston, was going on in the court. She knew gang members had already once seriously injured him saying he was a "snitch" for telling on a female officer. But intentionally fail to put him in protective custody, it would have been easy, so easy to do so.

Warden-Sheeley, sgt. Harrison, and TDCJ-ID officials all know that gangs in Texas prisons are violent and dangerous. They know he, Plaintiff Mitchell, "is not a gang member".

TDCJ-ID officials, Warden-Sheeley, and sgt. Harrison, acted with deliberate indifference. The imformation thay all knew about gang violence, with what they knew about plaintiff Mitchell, and what they knew about officer Lisa Winston, including the shortage of officers/security put these officials on notice of the substantial risk of serious harm he, plaintiff mitchell faced.

The officials ignored the reported threats, which resulted in serious permenent injuries to him, plaintiff Ivory R. Mitchell.

Plaintiff Mitchell, reserves the right to amend this complaint as discovery becomes available.

Plaintiff Mitchell, requests the court to order Defendants to produce initial disclosure under fed. R. Civil Procedure 26(a)(i) or, a Rule 26(F) meeting. Or, such other relief the court deem fair, just and appropriate under the facts and circumstances presented in, herein, this original complaint.



V. Statement of Claim Continue, pg. 4
Attachment #8.

Upon my return on parole violation, I file this new petition Proving T.D.C.J.-I.D. failed to protect me. They transferred me from unit to Unit since January 30, 2016, until 12/20/17. I've even been place in danger "because T.D.C.J.-I.D. made A error and sent me back to the Powledge unit were I was sexually Assaulted by the officer named Lisa Winston. After much verbal abuse I was immediately sent to the Wynne Farm unit whereas 5-duce crips threaten my life and I had to be moved "again, immediately transferred to the C.T. Terrell unit, again I was threaten by 5-duce crips If I didn't pay money by extortion I would receive physical harm.

On 1/17/2018, the C.T. Terrell, warden - Asst. Miller, said upon my sexual Assault I should have been place on Safe Keeping. I'd probably never would have received a artificial hip implant from being beaten by gang members. That being so, I'd probably never been injury Atall, if the right procedure would have been inacted/excuted. No harm would have never came to me.

" ~~[struck through]~~ "

The state classifications committee denied assist warden-Miller, request to place me on safe keeping And transferring me off the unit due to receiveing threats. Approximately two weeks I was Assaulted and almost Killed do to the State Classifications committee denying assist warden-Miller, request to remove me from the unit I received (5) stitches in my face, (5) broken bones in my face, ~~[struck]~~ moltible injuries to the face and neck from repeatively being beaten by one or more offenders.

V. Statement of Claim
Continue, Pg # 4
Attachment Pg # 9.

(8)

The state classifications committee error in denying transfer to a safekeeping facility. Placing my life endanger. I filed a L.I.D. Life endangerment because I was threaten by the Crip gang and the unit classifications committee seen I should have been removed from the unit because my life was endanger. On 2-18-18 two weeks after state Classifications committee denied my transfer I was attack while standing at the toliet using it 3'oclock in morining. I was hit from behind and beaten until I had to be taken to a free-world emergency Room hospital for major treatment. See: Photos of incident and medical records on 2/18/2018. Asst. Miller, The warden of the unit requested me to be place in safe keeping and the (SCC) state classifications Committee refused, to give me safety and place my life endanger intentionally.
See: Denial by (scc) State Classifications Committee. See: Classifications Records.

On /28/18 It was discovered, the assault had badly damaged my face were their was (5) broken bones and plates had to be surgencially place in my face. The assault had cause a life threatening injury.

Note: If an offender retaliate when attack by another offender he will receive a disciplinary action. This is why it's so important to be protected. Now I'm in position were I have to pay these gang members certain services. Because I can't report to the administrations for fear of attacks by these gang members. Because each time I report something against these gang members I'm badly assaulted.

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _western/waco Division_
   2. Case number: _6:12-cv-447_
   3. Approximate date warning was issued: _8/10/17_

Executed on: _9-30-18_
            DATE

_Ivory R. Mitchell_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___30th___ day of ___September___, 20 _18_.
         (Day)                  (month)        (year)

_Ivory R. Mitchell_
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

5

# LAW LIBRARY

| OFFENDER: | MITCHELL, I.  |
|---|---|
| TDCJ-ID # | 343139 |
| HOUSING: | A4-1-15 B |

In response to I-60 received:

# REQUESTED FORMS

## RESPONSE

3 FORM (S) 1983

(Devider)  (Second Copy)

**Date:** September 11, 2017



SEP 13 2018

**Texas Department of Criminal Justice**

# STEP 2    OFFENDER GRIEVANCE FORM

Offender Name: IVORY R. Mitchell    TDCJ # 363139
Unit: Jester - 3    Housing Assignment: 5-14
Unit where incident occurred: C.T. Terrell

**OFFICE USE ONLY**
Grievance #: 2018094279
UGI Recd Date: 6/29/18
HQ Recd Date: JUL 06 2018
Date Due: 8/8
Grievance Code: 209
Investigator ID#: 2481
Extension Date: 9/17

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

The grievance committee on the C.T. Terrell unit intentionally stalled time, again assisting the S.C.C. in keeping my life endangered. I reported to the administrations of the C.T. Terrell unit that I had been physically threaten by an offender named Gilbert, who was some type of leader of a crip gang. And investigation was conducted by S.T.G. sgt etc. The finding was my life was endanger. The C.T. Terrell administration's recommended transfer and for me to be place on safekeeping. The State Classifications Committee in Huntsville refused to take my life out of danger. S.C.C. ordered the C.T. Terrell unit to place me "back into the general population". Where on 2-18-18, I Ivory R. Mitchell, was seriously physically assaulted by other inmates who made good on their threats. I sustained a major concussion, fractures in my face and jaw, stitches, and other injuries. In which this incident could have been prevented had S.C.C. heard my plea for help. Since I proved a former T.D.C.J. officer sexually abused me I've underwent retaliations, harassment, etc... see medical record of incident of 2-18-18. also view files

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

of civil case Ivory Mitchell vs. Michael Sizemore, civil Action No. 6:09-CV-348. I've been transferred to several units due to physical threats from gang members. I've had three serious assault where I've been beaten brutally. I have an artificial hip, meta implants in my face. I'm still in danger and I'm being victimized

Offender Signature: Ivory R. Mitchell     Date: 5-26-18

**Grievance Response:**

Step 1 response appropriate. Please refer to that response. There was no evidence to substantiate your allegations of agency policy violations. No further action is warranted.

Signature Authority: STEVE MASSIE ASST. REGIONAL DIRECTOR     Date: AUG 23 2018

Returned because: *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission     CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission     CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission     CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)     Appendix G